(43 App. Div. 148.)

## McLELLAN v. GOODWIN.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

1. ACCOUNTING—WHEN MAINTAINABLE.
  Where complaint alleged an agreement under which plaintiff was to control the business of defendant, an actor, and conduct a theatrical tour, and allow defendant 50 per cent. of the gross receipts, in consideration whereof defendant was to furnish a company and its costumes, a failure of defendant to perform the obligations, while it would justify an action for damages, would not justify an accounting for moneys which defendant might have made during the period for which the contract was to exist.

2. APPEAL—REVIEW.
  A finding by the court that there had been no breach of contract, being sustained by the evidence, is conclusive.

3. COUNTERCLAIM—PLEADING.
  An answer alleging the making of a contract, and that after the agreement plaintiff refused and failed to carry it out, and that by reason thereof defendant was damaged in a certain sum, is a sufficient pleading of a counterclaim.

4. STIPULATION—CONSTRUCTION.
  A stipulation that, if the court orders judgment in favor of plaintiff for an accounting, allegations in relation to the counterclaim pleaded by defendant shall be deemed to have been established, and he shall be permitted to prove the amount thereof before the referee, does not excuse defendant from proving such counterclaim, where no judgment for an accounting is obtained by plaintiff.

Appeal from special term, New York county.

Action by George B. McLellan against Nat C. Goodwin. From a judgment entered for defendant, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, McLAUGHLIN, and INGRAHAM, JJ.

Franklin Bien, for appellant.
Joseph D. Redding, for respondent.

INGRAHAM, J. The action was brought for an accounting under a contract, a copy of which is annexed to the complaint, whereby the plaintiff agreed to assume and control the business and conduct the tour of the defendant, who was an actor, during and through the season of 1896–97, for a period of not less than 30 weeks, beginning November 23, 1896. The complaint alleges that, after the making of the agreement, the defendant, without just cause or provocation, declined to perform his part of the said agreement, but played the route, and accepted the contracts or arrangements, made by the plaintiff with various theatrical managers for and on behalf of the defendant, as provided in the said agreement made between the plaintiff and the defendant. The defendant admits the making of the contract, but denies that the plaintiff entered into the performance of the same, or that the defendant declined to perform his part of the agreement; that he played the route, or accepted the contracts or arrangements, made on behalf of the defendant under the terms of the agreement, or that he received large sums of money from theatrical managers throughout the country, under the terms, conditions, and agreements made between them. The de-

fendant then sets up three counterclaims, for which he demands judgment against the plaintiff. Upon the trial there was evidence tending to show a breach on behalf of the defendant, and also that the plaintiff abandoned his contract, and refused to proceed under it. The court found as a fact that the plaintiff abandoned his contract, and refused to have any business relations with the defendant. I think that this was a matter of fact for the court, and that there was evidence to justify a finding that the plaintiff had abandoned his contract, and that there was no breach of the contract by the defendant.

An examination of the record discloses no exception by the plaintiff to the admission or rejection of evidence which would justify a reversal of this finding. The court also held that the plaintiff was entitled to no relief under the pleadings in this action. The action is not for a breach of the contract by the defendant, and to recover damages sustained thereby, but to compel the defendant to account for moneys received by him from various theaters and theatrical managers throughout the country for the season of 1896–97, for his services as an actor. The agreement annexed to the complaint provided that the plaintiff was to assume and control the business and conduct the tour of the defendant during the season of 1896–97, and that he was to allow to the defendant 50 per cent. of the gross receipts for each and every performance during the term of the agreement. In consideration of 50 per cent. of the gross receipts, the defendant was to furnish a competent acting company, costumes for same, also property men, carpenters, and personal representative, assuming and paying all salaries connected therewith. The plaintiff was to assume all existing contracts with managers and authors, to produce in an adequate manner all plays, and to pay all charges and expenses connected with the organization, including authors' fees, advertising, printing, and transportation, with the exception of the salaries and costumes of the company, as provided in the contract. This agreement contemplated the performance of active duties by both parties to it, and a failure or refusal by one party to perform the obligations imposed on him was a breach of the contract that would justify an action for damages against the party who refused to perform. There was nothing, however, that would justify one party in requiring the other to account for moneys which he had made in the conduct of his business or profession during the period for which the contract was to exist. If the defendant broke the contract, the plaintiff was entitled to recover in an action at law the damages sustained in consequence of such breach; but there is nothing in the contract which would justify an action to compel the defendant, not only to pay damages to the plaintiff, but to account to him for all moneys made or received by the defendant during the period covered by the contract. The moneys which the defendant received for his services as an actor during the season of 1896–97 were impressed with no trust in favor of the plaintiff, nor were they received in pursuance of any contract or agreement by which the defendant undertook to pay to the plaintiff any proportion of his earnings. Under the contract, the plaintiff was to control the busi-

ness and conduct the tour of the defendant during the season of 1896–97, and the defendant was to receive from the plaintiff 50 per cent. of the gross receipts, for which the defendant was to furnish certain actors and to pay their salaries.    The defendant did not agree to pay to the plaintiff any portion of his earnings received, other-wise than under this particular contract, which related solely to a tour of the defendant of which the plaintiff was to assume control. As there was no such tour, and as the plaintiff failed to organize or conduct the business, it would seem that under no circumstances. could he be entitled to receive any proportionate part of the defend-ant's earnings during the period, or call the defendant to account for the moneys which he did actually receive from others.    What the plaintiff was entitled to recover, if the defendant broke the contract, was the damages that the plaintiff sustained in consequence of such breach.

The complaint, however, fails to allege the facts necessary to consti-tute a cause of action for a breach of the contract, as it is not alleged that the plaintiff sustained any damage thereby.    But the finding of the court that there was no breach by the defendant, but that the plaintiff abandoned the contract, being sustained by the evidence, it is conclusive against the right of the plaintiff to recover any judg-ment; and as there was no legal error committed on the trial to the prejudice of the plaintiff, and as under the pleadings the plaintiff would not be entitled to any judgment in the action, assuming that there was a breach of the contract, there would seem to be no possi-ble ground upon which the court would be justified in reversing the judgment dismissing the complaint and in ordering a new trial.

The defendant in his answer set up three counterclaims.    The first alleged the making of the contract (a copy of which is annexed to the answer); that, after making the agreement, the plaintiff refused, neglected, and failed to carry out and perform the terms thereof; and that, by reason of such refusal, neglect, and failure to carry out and perform the terms of the said agreement, the defendant was dam-aged in the sum of $5,000.    This was a distinct cause of action for a breach of the agreement, and for the damages sustained in conse-quence thereof.    It was a legal cause of action, and to be tried as an action at law.    For a second counterclaim, the defendant alleged the making of a contract on January 14, 1896, a copy of which is annexed to the answer.    That contract provided for a theatrical tour in California and Australia, commencing June 18, 1896, and the defendant alleges that the plaintiff failed to perform his part of the agreement by making the payments therein required, and that, by reason of such failure to carry out and perform the contract, the de-fendant was damaged in the sum of $5,000; that the defendant, at the request of the plaintiff, paid various sums of money in order to continue the enterprise which, under the contract, it was the duty of the plaintiff to pay; and that there is now due and owing by the plaintiff to the defendant for money loaned, laid out, and expended during the said Australian trip, at the request of the plaintiff and for his benefit, the sum of £660 18s in English currency, and that the reasonable value of the said sum in United States currency is

$3,205.37. For a third counterclaim, it is alleged that on or about June 25, 1896, at San Francisco, in the state of California, the defendant loaned to the plaintiff the sum of $1,000. The defendant demands judgment against the plaintiff for the sum of $14,205.37, with interest, costs, and disbursements of the action. The plaintiff, in reply, denied the allegations constituting all the counterclaims.

During an examination of the plaintiff as a witness, plaintiff's counsel stipulated, "in case the court orders a judgment in favor of the plaintiff, directing an accounting to be taken, that the defendant shall be deemed to have established his allegations in relation to the counterclaims against the plaintiff, and be permitted to prove the amount thereof before the referee. The plaintiff, however, does not admit the amounts of the counterclaims, but simply the allegations affecting the fact that this is his counterclaim." The defendant upon the trial introduced no evidence tending to prove his counterclaims. During the rebuttal, when the plaintiff was upon the stand, some questions were asked him as to the contract between the defendant and himself prior to the making of the contract in suit, and which were the bases of one of the counterclaims. To these questions counsel for the plaintiff objected, on the ground that the plaintiff had stipulated that the defendant would be deemed to have proved that counterclaim. All the evidence to which this objection was taken was admitted. There was, however, no proof of the counterclaims, nor upon which an affirmative judgment in favor of the defendant could have been granted. The court appears to have considered that the stipulation by the plaintiff to which attention has been called was sufficient to justify an affirmative judgment against the plaintiff without evidence, and, upon dismissing the complaint, directed an interlocutory judgment, by which the question as to the amount due to the defendant by the plaintiff, under the three counterclaims set forth in the answer, was referred to a referee to hear and determine the same, and report the amount thereof to the court. I think that this judgment was unauthorized by either the stipulation or proof before the court. The stipulation as to the counterclaim operated only in the contingency that a judgment should be rendered in favor of the plaintiff directing an accounting to be taken. If such a judgment had been directed, then the facts alleged in the answer constituting the counterclaims would have been deemed established, so that an accounting would include all obligations of the plaintiff to the defendant upon the causes of action set up as counterclaims; but the admission was confined to a case in which there was such a judgment, and it would seem to be clear that, in case the plaintiff failed to obtain such a judgment, then the stipulation would not apply, and the defendant, to be entitled to an affirmative judgment, would have to prove the causes of action which constituted the counterclaims. It seemed to have been the intention of the plaintiff to express a willingness to have all the accounts between the parties investigated if an accounting was ordered upon his cause of action set up in the complaint; but because he was willing, if that were done, to have all the accounts between the parties investigated, it does not follow that he was also willing to admit that

any liability existed as between himself and the defendant upon the counterclaims set up in the answer, or that these causes of action for damages for breach of a contract should be tried by a referee, to be approved by the court under an interlocutory judgment. The plaintiff was entitled to a trial by a jury of this cause of action, and the stipulation waiving such a trial should not be extended beyond its fair import. That stipulation, therefore, being conditioned upon the plaintiff's obtaining a judgment, and the court having determined to dismiss the complaint, it seems to be evident that there was no concession nor anything in the nature of proof upon which the court was justified in directing an affirmative judgment for an accounting against the plaintiff; and this seems to have been the view which the court took of the stipulation in the original opinion stating the reasons why the plaintiff was not entitled to a judgment. The court, however, subsequently took a different view of the stipulation, and in a memorandum stated that the admissions therein made were such as to warrant the inference that the counterclaims be taken as established, except as to amount. The case contains a certificate that there is presented by the record "all the evidence, testimony, and proof given and produced at the trial." Under the existing conditions, I do not think that the court was authorized to direct an affirmative judgment upon the counterclaims. The objections taken by the counsel for the plaintiff to the production of witnesses upon cross-examination of the plaintiff in rebuttal plainly referred to the stipulation already given, and could hardly be considered as enlarging it. It is quite plain that the defendant would not be prejudiced thereby, because he had rested, without introducing any evidence as to the counterclaims. His answer to the objection was that the defendant introduced the evidence, not for the purpose of proving the counterclaims, but for the purpose of affecting the issue of fact which the court had to determine; and, besides, all the evidence to which objection was made was admitted by the court.

The decision was one under section 1022 of the Code, stating concisely the grounds upon which the issues had been decided, and the court has power, upon an appeal, to grant to either party the judgment that the facts warrant. It follows, therefore, that the judgment should be modified by striking out of the decree all of the provisions except that providing for the dismissal of the complaint on the merits, with costs and disbursements to the defendant, and dismissing the counterclaims, with costs to the plaintiff, which would make the judgment final, and without costs to either party on this appeal.

VAN BRUNT, P. J., and PATTERSON and McLAUGHLIN, JJ., concur.

BARRETT, J. I concur in the result upon the grounds—First, that as the plaintiff abandoned the contract, and as there was no breach by the defendant, the complaint was properly dismissed; and, second, that as to the counterclaims there was no proof, and nothing in the stipulation which absolved the defendant from making proof.

The stipulation was dependent upon the plaintiff's success, and yet the defendant's efforts upon the trial were to prevent that success. The defendant could not well have refrained from giving proof of his counterclaims in reliance upon his own want of success in defeating the plaintiff. If he were mistaken as to the effect of the stipulation, or for any reason justified in treating it as unconditional, his remedy was to apply for a rehearing. But he certainly was not, upon the plaintiff's failure, entitled, without proof, to a judgment of any kind upon these counterclaims.